## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Narciso Jose Alejandro Castellanos, ) | |
| on behalf of himself and others ) | |
| similarly situated, ) | |
| ) | Case No.  14-cv-12609 |
| Plaintiff, ) | |
| ) | Judge |
| v. ) | |
| Worldwide Distribution Systems USA ) | Magistrate Judge |
| LLC d/b/a Systems USA, Systems USA ) | |
| Inc., Systems USA Consulting LLC, ) | |
| Rajat Mohan, Romi Mohan, Rahul ) | |
| Mohan, Jessica Rodriguez and Does 1-4 ) | Jury demanded on all counts so triable |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Narciso Jose Alejandro Castellanos files this Complaint on behalf of himself and other similarly situated individuals against Defendants Worldwide Distribution Systems USA LLC d/b/a Systems USA, Systems USA Inc., Systems USA Consulting LLC, Rajat Mohan, Romi Mohan, Rahul Mohan, Jessica Rodriguez and Does 1-4 and alleges as follows:

## INTRODUCTION

**Factual background**

1.       This complaint is brought on behalf of Castellanos and other similarly situated individuals.  Castellanos seeks relief for violations of his rights by defendants who were part of a criminal enterprise which caused him harm.  The actions undertaken by defendants are sufficient to state claims for redress under the Racketeering Influenced and Corrupt Organizations Act (RICO 18 U.S.C. Chap. 96); the Trafficking Victims Protection Act (TVPA 18 U.S.C. § 1595);

the Fair Labor Standards Act[1] (FLSA, 29 U.S.C. §201, *et seq.*); and common law claims for fraud, constructive fraud and breach of contract.

2.      Plaintiff is a Mexican citizen who was legally authorized to work in the United States during the times described below through a TN Visa that was issued to him on the basis of Defendants false statements.

3.      Defendants used the wires to communicate and perpetrate a fraud upon plaintiff and others similarly situated individuals.

4.      The "TN" visa was issued under the provisions of 8 U.S.C. §1184(e)(2) *et seq.* established by the North American Free Trade Agreement (NAFTA).  Unbeknownst to the plaintiff, defendants made false statements to United States consular authorities to secure the visa.  The use of the wires and visa fraud both constitute predicate acts under RICO.

5.      A person seeking a TN visa must provide proof of Canadian or Mexican citizenship and a letter from the prospective employer describing the following: (a) professional activity to be engaged in; (b) purpose of entry; (c) anticipated length of stay; (d) beneficiary's educational qualifications; (e) beneficiary's compliance with applicable state law; and (f) arrangements for pay.  8 C.F.R. §§214.6(d), (e).

6.      Mexican nationals, like plaintiff Castellanos, must submit a passport at the consulate and a visa application form with a letter of employment in the U.S. that describes the position offered and why the position requires a professional, as required under NAFTA, Chapter 16, Annex 1603, Appendix 1603.D.1.  The applicant must also present evidence that he/she is a professional.  TN visas are typically issued within three days of an applicant providing the required forms and documents.

---

[1] A copy of Plaintiff's consent form to act as a representative plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

7.      To qualify for a TN visa, the employer must have a position of employment available which it has decided to fill with the visa applicant.

8.      Plaintiff holds a bachelor's degree in Database Computer Systems Engineering from the Technological Institute of Celaya in Mexico.

9.      While working as a software engineer, plaintiff answered an internet classified for a software engineer position in the United States.

10.     Defendants use ads similar to the advertisement plaintiff answered to lure IT professionals from Mexico to the United States.

11.     Defendants knowingly and intentionally lied to plaintiff and Visa Section of the United States Embassy in Mexico about having a job available at Systems USA Inc. when in fact Defendants' plan and practice was to lease plaintiff to a third party.  Taking advantage of the USCIS's reliance on documents presented to it as legitimate, defendants operated in essence as a labor contractor.

12.     Defendants deceived plaintiff and the Visa Section of the United States Embassy in Mexico by providing an offer of employment letter at Systems USA Inc. and a Petition for TN Nonimmigrant Visa Application claiming that they would employ Plaintiff at Systems USA as a Computer Systems Analyst for an annual salary of $52,000.00.

13.     Upon arriving in the United States, Castellanos learned that, in fact, there were only *opportunities* for employment with third parties and that he did not have a secured or guaranteed job or position with Systems USA, Inc.

14.     Instead of performing the work of a computer systems analyst, defendants sent plaintiff and similarly situated engineers to interview for placement with third party employers as leased employees.  Plaintiff Castellanos was required to report from Monday to Friday to the offices of

defendants between the hours of 10:00 a.m. and 5:00 p.m.  Plaintiff was paid next to nothing although his presence was required.

15.      As a result, Plaintiff and others like him suffered harm because they were not compensated at the agreed rate, and they were forced to expend personal funds to cover travel, living, and other expenses.  With no income from the promised job, plaintiff was increasingly reliant on defendants for basic shelter and safety.  By committing this fraud against plaintiff and the United States, defendants placed plaintiff and others like him in a precarious legal position.


## JURISDICTION AND VENUE

16.      This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964 and 28 U.S. Code § 1331.

17.      Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this judicial district and reside and/or do business in this district.  The acts initiated by defendants and causing harm to plaintiff occurred in this judicial district.


## PARTIES

18.      Plaintiff Castellanos, a citizen of Mexico, was fraudulently induced to travel to Michigan with the promise of full-time employment as a computer systems analyst.

19.      Defendant Worldwide Distribution Systems USA LLC ("Worldwide") is a limited liability company with its principal place of business in Farmington Hills, Michigan.  Defendant Worldwide was organized by Rajat Mohan and Romi Mohan and holds itself out as a company engaged in the trading and distribution of goods.  Worldwide has transacted business under the

assumed name Systems USA.  Worldwide is an entity capable of holding property.

20.     Defendant Systems USA Inc. is a Michigan corporation with its principal place of business in Farmington Hills, Michigan.  Defendant Systems USA Inc. was organized by Rajat Mohan and Romi Mohan and holds itself out as a company engaged in the trading and distribution of goods.  Systems USA Inc. is an entity capable of holding property.

21.     Defendant Systems USA Consulting LLC ("Systems LLC") is a limited liability company with its principal place of business in Farmington Hills, Michigan.  Defendant Systems LLC was organized by Rajat Mohan and Romi Mohan and holds itself out as a company engaged in the business of computer hardware and software development, services and consulting. Systems LLC is an entity capable of holding property.

22.     Upon information and belief Worldwide assumed the name Systems USA to help perpetrate its fraud and obfuscate its relationship with Systems LLC.

23.     Defendant Rajat Mohan is one of the organizers of Worldwide, Systems USA, Inc. and Systems LLC.  He has held himself out as a member Worldwide and as a director of Worldwide. He has also held himself out as the director of Systems LLC.

24.     Defendant Romi Mohan is one of the organizers of Worldwide, Systems USA Inc. and Systems LLC. He has held himself out as a member of Systems LLC.

25.     Defendant Rahul Mohan has held himself out as a director of Systems LLC.

26.     Defendant Jessica Rodriguez is a resident of Michigan and held the position of Human Resources Manager within Worldwide and/or Systems LLC.  Defendant is a resident of Michigan.  In her role as Human Resources Manager, Rodriguez recruited Plaintiff to work for Systems USA.

27.     Defendants Does 1-4 are unknown individuals who may have participated in and

collaborated or conspired with defendants to defraud the United States and plaintiff.

28.     Defendants Worldwide LLC, Systems USA Inc., Systems LLC, Rajat Mohan, Romi

Mohan, and Jessica Rodriguez engaged in visa fraud in violation of 18 U.S.C. §1546, which

provides for fines and imprisonment for:

> [w]hoever knowingly makes under oath, or as permitted under penalty of perjury under
> section 1746 of title 28, United States Code, knowingly subscribes as true, any false
> statement with respect to a material fact in any application, affidavit, or other document
> required by the immigration laws or regulations prescribed thereunder, or knowingly
> presents any such application, affidavit, or other document which contains any such false
> statement or which fails to contain any reasonable basis in law or fact—

29.     Defendants engaged in a pattern of racketeering activity in violation of 18 U.S.C. §1546

by acquiring numerous TN visas through fraud perpetrated upon the United States and

individuals in largely the same manner as they did with plaintiff Castellanos.

30.     In order to be eligible for a TN Visa a U.S. company has to have actually offered

employment to a visa applicant and the applicant must have accepted it.

31.     Defendants through the enterprise falsely claimed to the Visa Section of the United States

Embassy in Mexico, on or about March 17, 2013, that it had a job for plaintiff at a set rate and

for a set period of time.

32.      In fact, Defendants knowingly and fraudulently misled plaintiff and similarly situated

individuals into expending their own money to pay for travel costs and costs associated with

obtaining the TN Visa.

33.     Instead of having a position available as represented to the United States government and

Plaintiff, the enterprise served as a middle person between plaintiff and third-party employers,

and pocketed a sum for each person so placed.

34.     Defendants through their actions were involved in and affected interstate commerce –

namely the interstate market in human labor.

35.      Plaintiffs engaged in a pattern of racketeering activity by subjecting at least one other individual, and on information and belief, several others to the same scheme.  Defendants accomplished this scheme through the use of the wires in perpetration of the fraud, and by engaging in Fraud in Foreign Labor Contracting -- both of which constitute predicate acts under the RICO statute.

36.      The federal mail fraud statute, 18 U.S.C. § 1341, and the federal wire fraud statute, 18 U.S.C. § 1343, both require the following proof: 1) a scheme to defraud or obtain money or property by false pretenses; 2) use of mails [or interstate wires, including telephones] in furtherance of the scheme; and 3) culpable participation by the defendant.

37.      Fraud in Foreign Labor contracting is defined as having the knowledge and intent to defraud, to recruit, solicit or hire a person outside the United States for purposes of employment in the United States, or causing another person to recruit, solicit, or hire a person outside the United States, or attempt to do so, by means of materially false or fraudulent pretenses, representations or promises regarding that employment. 18 U.S.C § 1351 (West 2014)**.**

38.      Here, defendants used the mail and/or wires to advertise to and recruit Mr. Castellanos for purported employment through the use of an enterprise, Defendants knew that they had no intention of directly employing Mr. Castellanos and that no fixed or permanent job was actually available for him to fill despite having offered him a job and his having accepted it on or about March 12, 2013.

39.      Defendants communicated falsely to Castellanos through the use of the wires that he would have, upon his arrival, a job that paid him $52,000 per year.  Castellanos was injured as a direct and proximate result of his reliance on these false promises and representations

40.      Defendants also made these materially false representations to United States consular

authorities to secure TN visas for Castellanos and similarly situated individuals.

41.    The falsely issued visa allowed defendants to further victimize Castellanos by getting him to travel at his own expense to the United States, and then failing to give him the position and salary promised.

42.    Present in the United States without any meaningful income, Castellanos was given a small stipend to cover food and was given a place to stay.  Because he was dependant upon defendants for his continued presence in the United States, Castellanos was forced to present himself daily between the hours of 10:00 a.m. and 5:00 p.m. at the offices of defendants and was not compensated for his time.

43.    Castellanos was injured as a direct and proximate result of and "by reason of" the RICO violations and predicate acts.

### Class allegations

44.    Plaintiff Castellanos seeks to represent an opt-out class under Federal Rule of Civil Procedure 23(b)(3) of all individuals who were falsely promised employment through the use of the wires or mail, and through the commission of visa fraud who suffered the same or similar manner of treatment described above and who suffered damages as he did as a result of the defendants' actions from January 1, 2011 to the present.  The proposed class includes people claiming violations of RICO, the Trafficking Victims Protection Act (TVPA), fraud, constructive fraud and breach of contract.

45.    Defendants owed a duty to the proposed class members to not commit fraud including visa fraud and actual and constructive fraud, and to not subject them to forced working conditions under RICO, the TVPA and common law.

46.    It is difficult if not impossible to ascertain at the moment all of the individuals who may

be members of the class making joinder of all members impracticable.

47.     There are questions of law and fact common to the class.

48.     Plaintiff's claims are typical of the claims of the class.  All arise from the same operative facts and are based on the same legal theories.

49.     The named plaintiff will fairly and adequately protect the interest of the class.

50.     To that end, plaintiff has retained counsel experienced in handling class actions involving a wide range of disputes.  Neither the named plaintiffs, nor counsel, have any interests which might cause them not to vigorously pursue this action.

51.     Certification of a class action is appropriate under Federal Rule of Civil Procedure 23(b)(3), for the following reasons:

> (a)     the questions of law and fact common to the members of the class predominate over any questions affecting only individual class members, and

> (b)     a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52.     Plaintiff Castellanos also seeks to represent an opt-in class under the Fair Labor Standards Act (FLSA) of similarly situated individuals to whom defendants did not pay the federal mandated minimum wage for all the hours they worked from June 2, 2011 to the present.

## COUNT I
## RICO Section 1962(c)

53.     The allegations of paragraphs 1 through 52 are incorporated herein by reference.

54.     This Count is against all defendants

55.     Defendants Worldwide, Systems USA Inc. and Systems USA Consulting LLC constitute an enterprise engaged in and whose activities affect interstate commerce and all other defendants are employed by or associated with this enterprise.

56.     Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Castellanos.

57.     Specifically, defendants used the wires and mails and committed visa fraud to entice Castellanos to expend his own time and resources seeking employment with defendants.  After being offered a position and accepting it plaintiff realized that there was not employment for him and that he would not be employed by defendants, but only had the opportunity to apply for employment with third parties – which applications defendants arranged and otherwise facilitated.

58.     Pursuant to and in furtherance of their fraudulent scheme, defendants committed multiple related acts of wire and mail fraud as defined by 18 U.S.C. § 1341, the federal wire fraud statute, 18 U.S.C. § 1343, and visa fraud, as defined by 18 U.S.C § 1351, by falsely representing to Castellanos by electronic and mail communications that defendants had an open position which it was hiring Castellanos to fill and by repeating this falsehood to United States consular officials to secure a visa for Castellanos based on these false pretenses.

59.     The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

60.     Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

61.     As a direct and proximate result of defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Castellanos and other similarly situated have been injured in their business and property in the following manner: 1) they have expended their own funds to arrange for and

travel to the United States to begin employment with defendants in reliance on communications via the wires and mail to plaintiffs and United States consular officials; 2) they left employment in their home country based having accepted what they believed was a legitimate offer of employment with defendants; 3) they have had to expend their own funds without any meaningful income to continue to reside in the United States while waiting to be interviewed and hired by a third party; 4) they have not received the $52,000 of annualized income promised to them; 5) they have been separated from their families without any employment or income as a result of defendants' illegal conduct; 6) they have suffered distress, fear and other intangible harms from being placed into this position by defendants.

## COUNT II
## RICO Section 1962(d)

62.     The allegations of paragraphs 1 through 61 are incorporated herein by reference.

63.     As set forth above, defendants agreed and conspired to violate 18 U.S.C. §§ 1962(c). Specifically defendants participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity including wire fraud, mail fraud and visa fraud.

64.     The Count IV defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above.  This conduct constitutes a conspiracy to violate 18 U.S.C. §§ 1962(c), in violation of 18 U.S.C. § 1962(d).

65.     As a direct and proximate result of defendants conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), plaintiff and others similarly situated have been injured in their business and property in that: 1) they have expended their own funds to arrange for and travel to the United States to begin employment with

defendants in reliance on communications via the wires and mail to plaintiffs and United States consular officials; 2) they left employment in their home country based having accepted what they believed was a legitimate offer of employment with defendants; 3) they have had to expend their own funds without any meaningful income to continue to reside in the United States while waiting to be interviewed and hired by a third party; 4) they have not received the $52,000 of annualized income promised to them; 5) they have been separated from their families without any employment or income as a result of defendants' illegal conduct; 6) they have suffered distress, fear and other intangible harms from being placed into this position by defendants.

**Count III**
**Fair Labor Standards Act (FLSA) 29 U.S.C. §201**

66.     The allegations of paragraphs 1 through 65 are incorporated herein by reference.

67.     Under the FLSA, 29 U.S.C. §201, et seq., Castellanos and others similarly situated were entitled to a minimum wage of not less than $7.25 per hour.

68.     The Defendants failed to and refused to pay plaintiff and others similarly situated minimum wages as required under the FLSA.

69.     Plaintiff and similarly situated individuals were entitled to be paid the federal minimum wage for all time worked.

70.     Defendants willfully violated the FLSA by refusing to pay plaintiff and similarly situated employees minimum wages for all hours they worked.

**Count IV**
**Trafficking Victims Protections Act 18 U.S.C. § 1595**

71.     The allegations of paragraphs 1 through 70 are incorporated herein by reference.

72.     As set forth above, defendants violated the prohibitions against Fraud in Foreign Labor Contracting found at 18 U.S.C. § 1351, by  causing plaintiff and others similarly situated to leave

their country on reliance of defendant's promise of $52,000 per year employment knowing that the positions offered did not exist.  The representations were material, in that it was reasonable for Castellanos and others to rely upon the employment contract upon making his decision to move to Michigan for employment.

73.     Defendants also violated the prohibitions against Forced Labor found in 18 U.S.C. § 1589, which prohibits forced labor obtained by means of the abuse or threatened abuse of law or legal process; or by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, by denying plaintiff and others similarly situated the income promised them making plaintiff and others similarly situated wholly dependant upon defendants for food, housing and other necessities thus forcing plaintiff and others to remain against their will.

## Count V
## Constructive and Actual Fraud

74.     The allegations of paragraphs 1 through 73 are incorporated herein by reference.

75.     By the acts set forth above defendants have committed both actual and constructive fraud in that: 1) they made material representations to plaintiff and others similarly situated that they were hired into jobs at set salaries, (2) that this promise of employment was false because no job was given to plaintiff by and others similarly situated, by defendants; (3) defendants knew that the offer of employment was false when made; (4) defendants intended plaintiff and others similarly situated to act upon the representations; (5) plaintiffs and others similarly situated acted in reliance on the misrepresentation, and (6) plaintiff and others similarly situated suffered injury as a result.

13

**Count VI**
**Breach of contract**

76.     The allegations of paragraphs 1 through 75 are incorporated herein by reference.

77.     By the acts set forth above defendants have breached their contract with plaintiff and others similarly situated.

78.     The parties to the contract of employments were of legal age and mental competency to enter into the contract; 2) the subject matter of the contract as presented to Castellanos and others similarly situated was by all appearances legal and proper; 3) Castellanos and others similarly situated promised to come to the U.S. and work as a IT professionals at specified rates and defendants promised to pay them that rate; 4) there is mutuality of agreement as to work to be performed, salary, begin and end dates and duration; 5) both parties are similarly obligated to perform.

**Prayer for Relief**

79.     WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants as follows:

  a.  Compensation to Plaintiff and others similarly situated for all the funds expended by them to apply for and accept the fraudulently offered positions and travel and expenses to the United States for the purposes of entering into employment with defendants;

  b.  Actual damages in lost income of $52,000 per annum for three yeas which was promised to plaintiff and others similarly situated by defendants;

  c.  Treble damages under RICO;

  d.  A judgment in the amount of unpaid minimum wages for all hours that Plaintiff

and similarly situated opt-in Plaintiffs worked;

e. Ordering Defendants to pay Plaintiff and similarly situated opt-in Plaintiffs

liquidated damages under 29 U.S.C. §260;

f. Damages to plaintiff and others similarly situated for victimizing them and

placing them into a position where they were unlikely to leave due to the

dependence upon defendants caused by defendants;

g. Ordering defendants to compensate Plaintiff and others similarly situated for lost

income from quitting their jobs, loss of consortium with family members and

emotional distress;

h. Ordering defendants to pay damages to plaintiff and others similarly situated

equal to their expectation damages under the contract entered into with

defendants;

i. Ordering defendants to pay reasonable attorneys' fees and costs under RICO,

TVPA, and/or FLSA;

j. Certifying the creation of opt-out classes for the RICO, TVPA, fraud and breach

of contract counts and certifying a collective action under FLSA;

k. Any other relief this Court deems just and proper.


By:  /s/ Jorge Sánchez
One of Plaintiff's Attorneys


Jorge Sánchez (Illinois ARDC # 6244796
Alonzo Rivas  (Illinois ARDC # 6270948)
MALDEF
11 East Adams
Suite 700
Chicago, Illinois 60603

Tel. (312) 427-0701
Fax: (312) 427-0691
Email: jsanchez@maldef.org
Email: arivas@maldef.org

Carlos G. Becerra (Illinois ARDC # 6285722)
Becerra Law Group, LLC
332 S. Michigan, Suite 1020
Chicago, IL 60604
Tel.:312.957.9005
Fax:773.890.7780
Email: cbecerra@law-rb.com