UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NARCISO JOSE ALEJANDRO CASTELLANOS**,　　　CASE NO. 14-cv-12609
on behalf of himself and others similarly situated,　　　HON. Stephen J. Murphy, III

　　　　　　　　　　　Plaintiff,　　　Magistrate: Stephen Whalen

v.

**WORLD WIDE DISTRIBUTION SYSTEMS USA**,
**LLC** d/b/a **SYSTEMS USA, SYSTEMS USA INC.,**
**SYSTEMS USA CONSULTING LLC, RAJAT MOHAN,**
**ROMI MOHAN, RAHUL MOHAN, JESSICA RODRIGUEZ**
and **DOES 1-4**

| By: Jorge Sanchez (Illinois ARDC #6244796)<br>　　Attorneys for Plaintiffs<br>MALDEF<br>11 East Adams Ste, 700<br>Chicago, IL 60603<br><br>By:　Carlos G. Becerra (Illinois ARDC #6285722)<br>Becerra Law Group, LLC<br>332 S. Michigan, Ste 1020<br>Chicago, IL 60604<br>P　(312) 957-9005<br>F　(773) 890-7780<br>cbecerra@law-rb.com | MARSHALL LAW, PLLC<br>By:　NICOLE MARSHALL (P73739)<br>　　Attorneys for Defendants<br>302 S. Main St. Ste 202<br>Royal Oak, MI 48067<br>P　(248) 429-9529<br>F　(248) 548-1012<br>nicole@marshalllawmi.com |

## **DEFENDANTS FIRST AMENDED ANSWER & AFFIRMATIVE DEFENSES**

　　　Defendants, Worldwide Distributions Systems, USA, L.L.C. ("WORLDWIDE"), d/b/a/ Systems USA hereinafter ("SUSA"), Systems USA Consulting, LLC ("SYSTEMS CONSULTING), Rajat Mohan, Romi Mohan, Rajul Mohan, and Jessica Rodriguez by and through their attorneys, MARSHALL LAW, PLLC, states the following in its Answer to Plaintiffs' Complaint.

　　　1.　　Defendants deny the allegations in paragraph 1 of Plaintiffs' Complaint because they are untrue and leave Plaintiffs to their strict proofs.

2. Defendants admit that Plaintiff is a Mexican citizen who was legally authorized to work in the United States on a TN Visa during the relevant times but deny that Plaintiffs' TN Visa was issued based upon false statements.

3. Defendants deny the allegations in paragraph 3 of Plaintiffs' Complaint because they are untrue and leave Plaintiffs to their strict proofs.

4. Defendants deny the allegations in paragraph 4 of Plaintiffs' Complaint because they are untrue and leave Plaintiffs to their strict proofs.

5. Defendants neither admit nor deny the allegations in paragraph 5 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

6. Defendants admit the first two sentences in paragraph 6 of Plaintiffs' Complaint but deny that TN visas are typically issued within three days or an applicant providing the required forms and documents.

7. Defendants neither admit nor deny the allegations in paragraph 7 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

8. Admit.

9. Admit that Plaintiff answered Defendants' internet ad for a software engineer position. Neither admit nor deny that Plaintiff was working as a software engineer at the time he answered the ad because Defendants do not have enough information to form a belief in the truth or falsity of the matter asserted

10. Admit that Defendants uses internet ads to find technical employees but deny that Defendants use such ads to "lure" professionals from Mexico to the United States because the statement is untrue.

11. Defendants deny the allegation that they knowingly and intentionally lied to Plaintiff and the Visa Section of the United States Embassy in Mexico because it is untrue and leave Plaintiffs to their strict proofs. Further, the offer letter presented to Plaintiff was legitimate.

12. Defendants admit that Systems USA, provided Plaintiff with a CONTINGENT offer letter as a Computer Systems Analyst for an annual salary of $52,000.00. Defendants deny that they deceived Plaintiff because it is untrue and leave them to their strict proofs. Defendants deny that they deceived the Visa Section of the Unites States Embassy in Mexico because it is untrue.

13. Defendants deny the allegations in paragraph 13 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

14. Defendants deny the allegations in paragraph 14 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs. Further, Defendants state that once individuals are hired as Systems USA employees, they are W2 employees of Systems USA and are not hired by third party employers. However, employees are placed on projects for System USA clients or end-users. Castellanos was not required to report to the offices Defendants for any duration and leave him to his strict proofs.

15. Defendants deny the allegations in paragraph 15 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs. Defendants paid for or reimbursed Plaintiff for his travel expenses, living expenses, training, and other miscellaneous expenses. Further,

Plaintiff was not damaged, nor were the approximately seven or eight other similarly situated individuals.  Defendants did not commit a fraud against Plaintiff, others like him, or the United States.

## JURISDICION AND VENUE

16.     Deny that this Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1964 because Defendants did not violate 18 U.S.C. § 1962.  Admit that this Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1331.

17.     Deny that this Court has venue pursuant to 18 U.S.C. § 1965 because Defendants did not violate 18 U.S.C. § 1962 and therefore, is not subject to 18 U.S.C. § 1964.  Admit that this Court has venue pursuant to 18 U.S.C. § 1331.

## PARTIES

18.     Defendants admit that Plaintiff Castellanos is a Mexican citizen and deny that he was fraudulently induced to travel to Michigan with the promise of full-time employment as a computer systems analyst because it is untrue.

19.     Admit.

20.     Denied.  Defendant Systems USA Inc. is a Michigan corporation but its principal place of business is in Detroit, Michigan, and was not organized by Rajat Mohan, Romi Mohan, or any other named Defendant and is otherwise not involved or connected to this litigation.

21.     Admit.

22.     Denied.  In 2008, Defendants, Rajat and Romi Mohan, registered Systems USA Consulting LLC ("SYSTEMS CONSULTING") when they thought about breaking into the IT Consulting field.  However, they did not start offering IT consulting services until 2010.  They

4

offered the IT Consulting Services under WORLDWIDE's assumed name of Systems USA ("SUSA").  SYSTEMS CONSULTING has never had an employee and is unrelated to this case.

23. Admit.

24. Admit all of the allegations contained in this paragraph except the implication that Romi Mohan is a man.  Romi Mohan is a woman and is the wife of Rajat Mohan.

25. Admit.  Further, Rahul Mohan has never been a director of Worldwide or SUSA and is therefore, unrelated to this case.

26. Admit.

27. Defendants neither admit nor deny the allegations in paragraph 27 of Plaintiffs' Complaint because they do not have enough information to form a belief in the truth or falsity of the matter asserted.

28. Defendants neither admit nor deny the allegations in paragraph 28 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

29. Defendants deny that they acquired numerous TN visas through fraud because it is untrue.  Defendants neither admit nor deny the remaining allegations in paragraph 29 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

30. Defendants neither admit nor deny the allegations in paragraph 30 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

31. Defendants deny the allegations in paragraph 31 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

32. Defendants deny the allegations in paragraph 32 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

33. Defendants deny the allegations in paragraph 33 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

34. Defendants deny the allegations in paragraph 34 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

35. Defendants neither admit nor deny the allegations in paragraph 35 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

36. Defendants neither admit nor deny the allegations in paragraph 36 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

37. Defendants neither admit nor deny the allegations in paragraph 37 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

38. Defendants admit that SUSA used the wires to advertise for a computer systems analyst and deny the remaining allegations in paragraph 38 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

39. Defendants deny the allegations in paragraph 39 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

40. Defendants deny the allegations in paragraph 40 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

41. Defendants deny the allegations in paragraph 41 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

42. SUSA did provide Castellanos a place to stay, money for food, and other expenses. Defendants deny the remaining allegations in paragraph 42 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

43. Defendants deny the allegations in paragraph 43 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

## CLASS ALLEGATIONS

44. Defendants neither admit nor deny the allegations in paragraph 44 of Plaintiffs' Complaint because no response is necessary.

45. Defendants neither admit nor deny the allegations in paragraph 45 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

46. Denied. Joinder is practical after a reasonable period of discovery. Within 45 days Plaintiffs' counsel could easily identify the members of the putative class and determine their addresses. Further, Defendants' state in good faith that the amount of individuals in circumstances similar to Castellanos, since the inception of SUSA (May of 2010), is approximately seven or eight, but in any event, less than 10.

47. Defendants neither admit nor deny the allegations in paragraph 47 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

48. Defendants deny the allegations in paragraph 48 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

7

49. Denied. Castellanos has breached his pre-interview agreement with SUSA and is being counter-sued for said breach. Accordingly, if this Court were so inclined to certify a class, Castellanos would not fairly and adequately protect the interests of the class because he may decide that settling this case out of court is in his best interest- a course of action that would be antagonistic to the alleged class.

50. Defendants neither admit nor deny the allegations in paragraph 50 of Plaintiffs' Complaint because they do not have enough information to form a belief in the truth or falsity of the matter asserted.

51. Defendants deny the allegations in paragraph 51 of Plaintiffs' Complaint because they are untrue and further state that joinder is the superior method for the fair and efficient adjudication of this controversy.

52. Defendants neither admit nor deny the allegations in paragraph 52 of Plaintiffs' Complaint because no response is necessary.

## COUNT I- RICO section 1962(c)

53. Defendants restate their answers to paragraph 1-52 of Plaintiffs' Complaint.

54. No response is necessary.

55. Defendants neither admit nor deny the allegations in paragraph 55 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

56. Defendants neither admit nor deny the allegations in paragraph 56 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

57. Defendants deny the allegations in paragraph 57 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

58. Defendants neither admit nor deny the allegations in paragraph 58 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

59. Defendants neither admit nor deny the allegations in paragraph 59 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

60. Defendants neither admit nor deny the allegations in paragraph 60 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

61. Defendants deny the allegations in paragraph 61 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

## COUNT II- RICO section 1962(d)

62. Defendants restate their answers to paragraph 1-61 of Plaintiffs' Complaint.

63. Defendants neither admit nor deny the allegations in paragraph 63 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

64. Defendants neither admit nor deny the allegations in paragraph 64 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

65. Defendants deny the allegations in paragraph 65 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

## COUNT III- FAIR LABOR STANDARDS ACT (FLSA) 29 U.S.C. §201

66. Defendants restate their answers to paragraph 1-65 of Plaintiffs' Complaint.

67. Defendants neither admit nor deny the allegations in paragraph 67 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

68. Defendants deny the allegations in paragraph 68 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

69. Defendants neither admit nor deny the allegations in paragraph 69 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

70. Defendants deny the allegations in paragraph 70 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

## COUNT IV- TRAFFICING VICTIMS PROTECTIONS ACT 18 USC §1595

71. Defendants restate their answers to paragraph 1-70 of Plaintiffs' Complaint.

72. Defendants deny the allegations in paragraph 72 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

73. Defendants deny the allegations in paragraph 73 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

## COUNT V- CONSTRUCTIVE AND ACTUAL FRAUD

74. Defendants restate their answers to paragraph 1-73 of Plaintiffs' Complaint.

75. Defendants deny the allegations in paragraph 75 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

## COUNT VI- BREACH OF CONTRACT

76. Defendants restate their answers to paragraph 1-75 of Plaintiffs' Complaint.

77. Defendants deny the allegations in paragraph 77 of Plaintiffs' Complaint because they are untrue and leave them to their strict proofs.

78. Defendants neither admit nor deny the allegations in paragraph 78 of Plaintiffs' Complaint because said allegations set forth legal conclusions for which no response is necessary.

79. WHEREFORE, Defendants request this Honorable Court to deny all of Plaintiffs' prayers for relief, dismiss the case in its entirety with prejudice and enter an order requiring Plaintiff to pay all of Defendants' reasonable attorney fees, costs, and expenses, or alternatively, deny Plaintiffs' request for class certification, and any other relief this Court finds just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2. Plaintiffs failed to join a necessary or an indispensable party.

3. Plaintiffs' claims may be barred due to fraud or mistake.

4. Plaintiffs' claims may be barred, in whole or in part, by its own acts, errors, omissions, commissions and doctrine of unclean hands.

5. Plaintiffs' claims may be barred based on consent, release, waiver, and/or estoppel.

6. Plaintiff failed to meet all conditions precedent to filing the present action.

7. Plaintiffs' claims may be barred by laches.

8. Plaintiff has failed to comply with the Statute of Limitations.

9. Plaintiffs' damages are precluded, in whole or in part, to the extent Counter-Defendant owes monies to Systems USA.

10. Plaintiff has failed to mitigate his damages.

11. To the extent that Plaintiff seeks recovery for damages or other economic loss, all or part of which may have been paid or are to be paid by a collateral source, Defendants are entitled to a reduction of the same.

12. Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 23 and therefore, class certification should be denied.

13. Plaintiff lacks standing.

14. Plaintiff lacks a compensable injury.

15. Plaintiff failed to plead fraud with particularity as it relates to underlying predicate acts, and conduct of each of the defendants as it relates to the enterprise.

16. Defendants good faith belief that representations made were true.

17. Plaintiff's failed to plead fraudulent scienter or Plaintiff's detrimental reliance on Defendants alleged deception.

18. All or part of Plaintiff's claims are barred due to public policy.

19. Consent.

20. Intervening and Supervening causes.

21. Defendants reserve the right to add such other special and affirmative defenses as they become evident throughout the course of this case.

## JURY DEMAND

Defendants request a trial by jury on all counts so triable.

Dated: September 2, 2014_  　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　**MARSHALL LAW, PLLC**

　　　　　　　　　　　　　　　　　　By /s/__*Nicole M. Marshall*____
　　　　　　　　　　　　　　　　　　NICOLE M. MARSHALL (P73739)
　　　　　　　　　　　　　　　　　　 302 S. Main St. Ste 202
　　　　　　　　　　　　　　　　　　 Royal Oak, MI 48067
　　　　　　　　　　　　　　　　　　 P  (248) 429-9529
　　　　　　　　　　　　　　　　　　 F  (248) 548-1012
　　　　　　　　　　　　　　　　　　 nicole@marshalllawmi.com


## CERTIFICATE OF SERVICE

On September 2, 2014, I electronically filed the above document with the Clerk of The Court using the ECF system which will send notification of such filing to the following:

　　　Jorge Sanchez　　　　jsanchez@maldef.org


Dated:  September 2, 2014　　　　　　/s/ *Nicole M. Marshall*
　　　　　　　　　　　　　　　　　　Nicole M. Marshall
　　　　　　　　　　　　　　　　　　Attorney for Counter-Plaintiff