UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NARCISO JOSE ALEJANDRO CASTELLANOS, on behalf of himself and others similarly situated, | CASE NO. 14-cv-12609 |
| Plaintiff, | Hon. Stephen J. Murphy, III |
| v. | Magistrate: Stephen Whalen |
| WORLD WIDE DISTRIBUTION SYSTEMS USA, LLC d/b/a SYSTEMS USA, SYSTEMS USA CONSULTING LLC, RAJAT MOHAN, | |
| ROMI MOHAN, RAHUL MOHAN, JESSICA RODRIGUEZ and DOES 1-4 | |
| Defendants, | |
| WORLD WIDE DISTRIBUTION SYSTEMS USA, LLC d/b/a SYSTEMS USA | |
| Counter-Plaintiff | |
| v. | |
| NARCISO JOSE ALEJANDRO CASTELLANOS | |
| Counter-Defendant | |

**COUNTER-DEFENDANT CASTELLANOS'
ANSWER AND AFFIRMATIVE DEFENSES**

Counter-Defendant, NARCISO JOSE ALEJANDRO CASTELLANOS, by and through his attorneys, answers the counter complaint against him as follows:

1. Counter-Plaintiff, SUSA, is a Michigan Limited Liability Company with its principal

    place of business located at 24615 Halsted Rd., Farmington Hills, MI 48335.

**Answer:** Admit.

2. Counter-Defendant, NARCISO JOSE ALEJANDRO CASTELLANOS, hereinafter ("CASTELLANOS") is an individual and Mexican Citizen.

**Answer:** Admit.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

**Answer:** Admit.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

**Answer:** Admit.

5. Counter-Plaintiff is an IT staffing company and is in the business of providing project management consulting, software design, programming, testing and documentation to various businesses.

**Answer:** Counter-Defendant Castellanos lacks sufficient knowledge to be able to admit or deny this allegation.

6. In order to hire employees that are qualified to provide these services to its clients, Counter-Plaintiff sometimes hires individuals from Mexico and other countries and places them on projects in the United States.

**Answer:** Counter-Defendant Castellanos lacks sufficient knowledge to be able to admit or deny this allegation.

7. In early 2013, Counter-Defendant answered Counter-Plaintiff's internet ad for a computer analyst position.

**Answer:** Counter-Defendant Castellanos admits that he responded to an internet ad but denies that it was for a computer analyst position.

8. Jessica Rodriguez ("Rodriquez"), SUSA's Human Resources Manager, spoke to CASTELLANOS and informed him that as an IT Staffing Company, SUSA hires individuals and places them on projects with their Clients or End-Users.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

9. Rodriguez also explained to CASTELLANOS that he would not start receiving his salary until SUSA placed him on a client project.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

10. Once a project was found for CASTELLANOS, he would be hired as a W2 employee of SUSA, paid $52,000 annually, receive paid time off and be eligible to receive benefits.

**Answer:** Counter-Defendant Castellanos admits that he was offered a job for $52,000 per year, but denies, in their entirety, any and all remaining allegation contained in this paragraph.

11. In March of 2013, SUSA was looking to fill a computer analyst requisition for its client, Collabera with an estimated start date of March 28, 2013.

**Answer:** Counter-Defendant Castellanos lacks sufficient knowledge to be able to admit or deny this allegation.

12. CASTELLANOS's computer skills, experience, and education seemed to be a good fit for this open requisition.

**Answer:** Counter-Defendant Castellanos lacks sufficient knowledge to be able to admit or deny this allegation.

13. On March 12, 2013, after discussing CASTELLANOS' qualifications and experience, SUSA made CASTELLANOS a contingent employment offer.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

14. On March 17, 2013, SUSA provided CASTELLANOS with a letter in support of his TN Visa.

**Answer:** Admit that a corrected letter was provided to him on or about March 17, 2013.

15. On March 20, 2013, CASTELLANOS was issued a TN Visa.

**Answer:** Denied.

16. On or about March 27, 2013, SUSA received notice from CASTELLANOS that he would not be able to arrive in Michigan until April 3, 2014. As a result, the start date for the project was pushed back.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

17. On or about April 3, 2013, CASTELLANOS arrived in Michigan and was put up in company living quarters.

**Answer:** Admit that Castellanos arrived on April 3, 2013, counter defendant Castellanos lacks sufficient knowledge to be able to admit or deny the remaining allegations.

18. Shortly thereafter, CASTELLANOS spoke to Partha Selvaraj, Collabera's Account Manager for Chase Bank, Roshin Kollannoor, Collabera recruiter, and Vishant Jain, Collabera's technical manager.

**Answer:** Counter-Defendant Castellanos lacks sufficient knowledge to be able to admit or deny this allegation.

19. After the discussions, Mr. Selvaraj informed SUSA that it would be difficult to work with CASTELLANOS because it was difficult to understand him (his English communication skills are poor) and the technical manager felt that CASTELLANOS' actual skill set was below what he stated it to be.

**Answer:** Counter-Defendant Castellanos denies that his English communication skills are poor, and lacks sufficient knowledge to be able to admit or deny the remaining allegations.

20. During CASTELLANOS' stay in the United States, he took several trips to Chicago for weeks at a time.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

21. In April of 2013, SUSA submitted CASTELLANOS for a position with Quicken Loans.

**Answer:** Counter-Defendant Castellanos lacks sufficient knowledge to be able to admit or deny this allegation.

22. In May of 2013, CASTELLANOS signed a Pre-Interview Agreement with SUSA. See Exhibit 1- Pre-Interview Agreement.

**Answer:** Admit that Castellanos signed Exhibit 1 after he had already interviewed with SUSA clients.

23. In the Pre-Interview Agreement, CASTELLANOS agreed not to "provide or attempt to provide (or advise others of the opportunity to provide), directly or indirectly, any services to any Client to which Applicant has been introduced or about which Applicant has received information through SYSTEMS USA or though a Client of SYSTEMS USA with which Applicant has interviewed for one (1) year after such introduction." Exhibit 3-1:1.

**Answer:** Denied, the document speaks for itself and paragraph 23 is an incomplete recitation of the contents of the document.

24. Additionally, Castellanos agreed to maintain the confidentiality of information obtained from Clients, as well as information regarding its own business. Therefore, Applicant agrees not to disclose to any third party an information relating to SYSTEMS USA, its agents, or its Clients, if such information was obtained in the course of Applicant's interview with SYSTEMS USA or with a Client

of SYSTEMS USA and could reasonably be construed as confidential. Confidential information includes, but is not limited to, information regarding the existence of and details about any openings for which Applicant may be interviewed or has learned about through such interviews, and the identification of the Clients in regards to the openings.

**Answer:** Denied, the document speaks for itself and paragraph 24 is an incomplete recitation of the contents of the document.

25. The parties further agreed that if Counter-Defendant breached the Covenant Not to Compete or Confidentiality Clause, that "SYSTEMS USA shall be entitled to any damages, costs, and fees incurred by SYSTEMS USA related to any breach of this Agreement." *See id*. at 1:5.

**Answer:** Denied, the document speaks for itself and paragraph 25 is an incomplete recitation of the contents of the document.

26. Upon information and belief, CASTELLANOS took a position at Quicken Loans in July of 2014.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

## COUNT I
## BREACH OF CONTRACT

27. Counter-Plaintiff incorporates the above allegations by reference.

**Answer:** Counter-Defendant Castellanos incorporates, in their entirety, the answers provided in response to the allegations above.

28. Pursuant to the Agreement, Counter-Defendant breached his non-compete agreement with Counter-Plaintiff when he accepted an offer of employment with Quicken Loans.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

29. Additionally, upon information and belief, Counter-Defendant breached the Agreement by disclosing job openings and other confidential information to friends and family in Mexico and Chicago.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

30. These actions, among others, by Counter-Defendant constitute a breach of the Employment Agreement.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

31. As a direct and proximate result of Counter-Defendant's breach, Counter- Plaintiff has been damaged.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

WHEREFORE, Counter-Plaintiff respectfully requests this Court to do the following:

    A.    Enter a judgment against Counter-Defendant for damages in an amount to be determined at the time of trial;

    B.    Award Counter-Plaintiff incidental, consequential, and exemplary damages, costs, interest and attorney fees;

    C.    Enter and order preliminarily and permanently enjoining CASTELLANOS from working for Quicken Loans or any other SUSA Client to [sic] which he was interviewed by; and

    D.    Order such other relief as is just and equitable.

**Answer to A-D:** Counter-Defendant Castellanos denies that Counter Plaintiff is entitled to any of the relief requested in paragraphs A, B, C, and D above.

## COUNT II.
## UNJUST ENRICHMENT

32. Counter-Plaintiff incorporates the above allegations by reference.

**Answer:** Counter-Defendant Castellanos incorporates, in their entirety, the answers provided in response to the allegations above.

33. Counter-Plaintiff entered into the Agreement with Counter-Defendant in which Counter-Defendant promised not to provide services to a SUSA Client to which he was introduce to or interviewed with.

**Answer:** Denied, the document speaks for itself and states much more than the verbiage quoted above.

34. In exchange for these promises, Counter-Plaintiff agreed to train Counter-Defendant, market him to clients and end-users, and submit him for positions with SUSA Clients.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

35. Inequity would result to Counter-Plaintiff if Counter-Defendant were permitted to retain the benefits of training and employment. Accordingly, equity mandates that Counter-Defendant pay Counter-Plaintiff the amount of Counter-Defendant's unjust enrichment.

**Answer:** Counter-Defendant Castellanos denies, in their entirety, the allegations contained in this paragraph.

  WHEREFORE, Counter-Plaintiff respectfully requests this Court to do the following:

  A. Enter a judgment against Counter-Defendants for damages in an amount to be determined at the time of trial;

  B. Award Counter-Plaintiff punitive and exemplary damages, costs, interest and attorney fees; and

  C. Order such other relief as is just and equitable.

**Answer to A-D:** Counter-Defendant Castellanos denies that Counter Plaintiff is entitled to any of the relief requested in paragraphs A, B, and C above.

## COUNTER-DEFENDANT CASTELLANOS' AFFIRMATIVE DEFENSES

1. The non-compete agreement lacks consideration.

2. The non-compete agreement is based on past consideration and is therefore void.

3. The non-compete agreement was entered into because of duress.

4. The non-compete agreement is void as a matter of public policy.

5. The non-compete agreement is void because Counter-Plaintiff has unclean hands.

6. Castellanos has not breached the non-compete agreement.

7. Counter-Plaintiff is not entitled to the damages its seeks in its Complaint since the very terms of the contract limit its damages to "any damages, costs, and fees incurred by SYSTEMS USA related to any breach of this Agreement" and SUSA cannot show it has incurred any such damages.

By: /s/ Jorge Sánchez
One of Plaintiff's Attorneys

Jorge Sánchez (Illinois ARDC # 6244796)
Alonzo Rivas (Illinois ARDC # 6270948  )
MALDEF
11 East Adams
Suite 700
Chicago, Illinois 60603
Tel. (312) 427-0701
Fax: (312) 427-0691

Carlos G. Becerra (Illinois ARDC #6285722)
Becerra Law Group, LLC
332 S. Michigan, Suite 1020
Chicago, IL 60604
Tel.:312.957.9005
Fax:773.890.7780

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September 2014, I filed the foregoing **COUNTER-DEFENDANT CASTELLANOS'ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the ECF system, which in turn sent notification of such filing to the following:

    Nicole Marshall
    MarshallLaw PLLC
    302 S. Main Street Suite 202
    Royal Oak, MI 48067
    nicole@marshalllawmi.com

By:/s/Jorge Sánchez<br>Plaintiffs' Attorney