UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARCISO JOSE ALEJANDRO
CASTELLANOS,

    Plaintiff,

Case No. 14-cv-12609

HONORABLE STEPHEN J. MURPHY, III

v.

WORLDWIDE DISTRIBUTION SYSTEMS
USA, LLC, et al.,

    Defendants.
    _____/

**ORDER DENYING WITHOUT PREJUDICE**
**MOTION TO CERTIFY CLASS** (document no. 15)

Plaintiff Narciso Jose Alejandro Castellanos filed suit against his former employer, Worldwide Distribution Systems USA, d/b/a Systems USA ("Systems")[1] and various Systems employees, alleging civil RICO violations, Trafficking Victims Act and Fair Labor Standards Act violations, and common law claims for constructive and actual fraud, and breach of contract. Castellanos, a Mexican citizen, asserts that Systems misrepresented employment as a computer systems analyst to secure him a TN visa and induce his relocation. After arriving in the United States, Castellanos discovered that Systems only offered opportunities for employment with third party clients. He contends that Systems failed to compensate him, and failed to provide him employment.

Castellanos filed suit intending to represent similarly situated plaintiffs in a class action. Compl. ¶ 44, ECF No. 1. On February 20, 2015, he moved for class certification on all claims but his allegations of Fair Labor Standards Act violations. Mot. Certify Class ¶ 5,

---

[1] Systems filed a counter-complaint for unjust enrichment and breach of contract, and alleged that Castellanos breached his non-compete agreement when he accepted an offer of employment with Quicken Loans; Systems also alleged he breached his confidentiality agreement by disclosing job openings and other confidential information. ECF No. 12.

ECF No. 15. He requested the Court certify a single class consisting of "foreign nationals, who were offered full-time employment by defendant Systems USA, and who accepted such employment, but who were not paid for varying amounts of time." *Id.* ¶ 1. The Court held a hearing on the motion on June 30, 2015. For the reasons stated below, the Court will deny without prejudice Castellanos' motion for class certification, and will permit additional discovery.

## BACKGROUND

Systems is a staffing firm that provides Information Technology services to various businesses, and it frequently hires foreign nationals to work on client projects. Resp. Mot. Certify Class 3, ECF No. 18. In early 2013, Systems posted an internet ad for a computer analyst position. Castellanos, a Mexican citizen and software engineer, answered the ad, and interviewed with Systems' Human Resources Manager, Defendant Jessica Rodriguez. *Id.*; Compl. ¶ 9, ECF No. 1. Rodriguez recruited Castellanos to work for Systems. Compl. ¶ 26, ECF No. 1. To persuade Castellanos to travel to the United States, Systems allegedly made various misrepresentations regarding the terms of employment, promising to pay Castellanos a salary of $52,000 per year for three years. Mot. Certify Class, Letter of Employment, ECF No. 15-1. Systems also provided Castellanos a letter of support to include with his TN visa application. *Id.* Established by the North American Free Trade Agreement ("NAFTA"), a TN visa enables Mexican and Canadian nationals to enter the United States for work in designated professions on a temporary basis. *See* 8 C.F.R. §§ 214.6(d)–(e) (requiring a person seeking a TN visa to present, among other criteria, a letter of employment in the United States).

Castellanos asserts that he obtained a TN visa and incurred significant personal

expense traveling to the United States. Compl. ¶ 15, ECF No. 1. He then discovered that Systems offered only opportunities for employment, not actual jobs, and that he was required to interview with third party clients for placement in positions. *Id.* ¶ 13. Castellanos alleges that he was required to report to a Systems office Monday through Friday, was minimally compensated for his time, and was informed that Systems would pay the offered salary only when he secured a position with a third party client. *Id.* ¶¶ 13–14; Mot. Certify Class 2, ECF No. 15. He claims that Systems perpetrated the same scheme against other foreign nationals—pledging full-time employment and a salary that never materialized.

Castellanos seeks to certify a class consisting of foreign nationals who were offered, and accepted, employment by Systems, and who were not appropriately compensated. Claims allegedly common to the class include human trafficking, state law claims for breach of contract and fraud, and RICO violations. The alleged racketeering acts include visa fraud, 18 U.S.C. § 1546, and wire and mail fraud, 18 U.S.C. §§ 1341 & 1343, premised on the letters of employment submitted by Systems.

## STANDARD OF REVIEW

Civil Rule 23 governs class action lawsuits. A matter may proceed as a class action in the name of the representative parties if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims and defenses of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (citing Fed. R. Civ. P. 23(a)). A class must meet the above prerequisites, as well as fall within one of the class types identified by Rule 23(b). *Sprague v. Gen. Motors Corp.*, 133 F.3d 388,

397 (6th Cir. 1998). The party seeking certification bears the burden of establishing that the requirements for class certification are met. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).

Courts have broad discretion in certifying a class, and must conduct a rigorous analysis into whether the prerequisites of Rule 23 have been met. *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007). In reviewing a motion for class certification, the court does not evaluate the merits of the plaintiff's claims, but accepts as true the allegations in the complaint. The court, however, may need "to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "[O]rdinarily the determination should be predicated on more information than the pleadings will provide." *Am. Med. Sys.*, 75 F.3d at 1079 (quoting *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974)).

## DISCUSSION

A review of Castellanos' brief in support of class certification suggests that it is premature to consider certification until a further definition of the proposed class is accomplished with the aid of discovery. *See id.* at 1086 (explaining that a court should delay determination of a motion for class certification "pending discovery if the existing record is inadequate for resolving the relevant issues").

Relying on the overall number of TN visas sponsored by Systems, Castellanos contends that as many as seventy-three individuals may qualify for the class. In support, he offers a list of proposed class members' names, and a selection of several TN visa letters of employment. Mot. Certify Class, Exhibits A–B, ECF No. 15-1. Based on the standardized text of the letters, Castellanos argues that Defendants engaged in

consistently deceptive conduct. He contends that Systems misrepresented its intention to hire class members, and failed to pay individuals upon their arrival in the United States. *Id.* at 4. Castellanos, however, provides little support for his assertions aside from the form TN letters. While he argues that the letters evidence Defendants' misrepresentations, Castellanos fails to allege whether the individuals who received the letters were similarly denied employment or compensation.

Castellanos maintains that Defendants' misrepresentations of actual employment form a common scheme central to each class members' claims, and asserts that inquiry into details such as eventual employment and compensation are "minor points." Mot Certify Class 7, ECF No. 15-1. But the inquiry into compensation is necessary to the Court's determination of numeroaity because the proposed class is comprised of individuals "who were not paid for varying amounts of time." Mot. Certify Class 1, ECF No. 15. A list of individuals that obtained TN visas through Systems to evidence the class is therefore overly broad.

Reference to the total number of individuals conceivably harmed is insufficient to prove numerosity. *See Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005) (explaining that identifying the "absolute maximum number of plaintiffs that could be in any class action" is not probative of the number reasonably likely to have suffered harm, and finding that "such an unrefined measure . . . is too speculative for purposes of the numerosity requirement"). Castellanos offers no evidence or allegations that demonstrate whether Defendants similarly failed to hire and compensate other individuals. The Court cannot presume that each of the seventy-three individuals sponsored for TN visas received deceptive communication. Indeed, in their response brief, Defendants assert that only

eleven of the seventy-three individuals sponsored for TN visas were neither placed on a project nor hired by Systems. Resp. Mot. Certify Class 5, ECF No. 18.[2] A class of eleven members, rather than seventy-three, is likely amenable to joinder and would fail to satisfy the numerosity requirement. *See Crawford v. TRW Auto. U.S., LLC*, No. 06-14276, 2007 WL 851627, at *3 (E.D. Mich. Mar. 21, 2007) ("[I]t generally is accepted that a class of 40 or more members is sufficient to satisfy the numerosity requirement."); *Cox v. Am. Cast. Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (noting that there is no fixed numerosity requirement, but "generally less than twenty-one is inadequate [and] more than forty [is] adequate").

In ruling on class certification, the Court is required to conduct a rigorous analysis and "probe behind the pleadings" before making a determination. *See Am. Med. Sys.*, 75 F.3d at 1079. "[C]lass determination should be predicated on evidence presented by the parties concerning the maintainability of the class action." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 851 (6th Cir. 2013). At present, the record before the Court is undeveloped and insufficient to decide class certification. After reviewing the factual record and entertaining oral argument, the Court finds that additional discovery is necessary to determine the proposed class size. The Court will deny Castellanos' motion to certify class without prejudice, and provide additional time for discovery relevant to meeting the requirements of Civil Rule 23.

---

[2] The Court notes that Defendants offer no evidence, aside from a list of names, for the assertion that Systems hired and paid sixty-two of the seventy-three individuals it sponsored for TN visas. Resp. Mot. Certify Class 5, ECF No. 18. Defendants also present unsupported claims that forty percent of the individuals sponsored by Systems started a project within fourteen days of arriving in the United States, *see id.*, and twenty-three individuals were approved by a third-party client while still in Mexico.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Castellanos' Motion to Certify Class is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                            s/Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: August 19, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 19, 2015, by electronic and/or ordinary mail.

                                            s/Carol Cohron
                                            Case Manager